IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERRY WAYNE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-046 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY | ) | |
| MEDICAL STAFF; HEAD DIRECTOR; | ) | |
| MEDICAL HEAD DOCTOR; | ) | |
| WARDEN-CARE AND TREATMENT; | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| and NURSING STAFF, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**O R D E R**

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, originally filed his complaint *pro se* in the Superior Court of Wheeler County, concerning events alleged to have taken place at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia. (Doc. no. 1-1.) On May 6, 2024, the Clerk of Superior Court issued a summons to Defendants as they were named in Plaintiff's complaint. (Doc. nos. 1-4, 1-6, 1-8, 1-10, 1-12.) On May 16, 2024, a Sheriff's deputy filed entries of service in the Superior Court, documenting the delivery of summons, two Orders, and Plaintiff's complaint to Yvonne Neau, Heather Kersey, Amy Williams, and Shawn Gillis. (Doc. nos. 1-5, 1-7, 1-9, 1-11, 1-13; see also doc. no. 1, pp. 1-2

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants in accordance with the above caption, which is consistent with Plaintiff's complaint. (See doc. no. 1-1, pp. 1, 7-8, 25-26.)

& n.1.) On June 17, 2024, Yvonne Neau, Heather Kersey, Amy Williams, and Shawn Gillis removed the case to federal court by special appearance, contending they are not named as Defendants and were not properly served. (Doc. no. 1, p. 1 n.1.)

Plaintiff brings a variety of claims against several defendants, identified only by their title or department at Wheeler. (Doc. no. 1-1, pp. 1, 7-8.) The complaint consists of twenty handwritten pages supplementing a seven-page complaint form, as well as attached exhibits. (See generally id.) Plaintiff's allegations describe the diagnosis and treatment of his esophageal cancer while at Wheeler from August 2020 through October 2023. (See generally doc. no. 1-1.) Many of Plaintiff's allegations are not tied to specific defendants and instead read as a general statement of dissatisfaction with events surrounding his medical care at Wheeler. Such generalities will not suffice. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Moreover, Plaintiff is cautioned that "vicarious liability is inapplicable to § 1983 actions," so "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (per curiam) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). To the extent Plaintiff may be attempting to hold supervisory officials liable for the actions of lower-level prison officials, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa, 522 F. App'x at 714. Wheeler is not a

proper party to a § 1983 suit because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit").

Because of these deficiencies, if Plaintiff wishes to proceed with this case, he **MUST**, within fourteen days of the date of this Order, file an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. No more than six handwritten pages may be attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal where plaintiff failed to heed pleading instructions from court regarding redrafting complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual he is suing.

Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleadings shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. If Plaintiff fails to respond to this Order with the amended complaint within fourteen days, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.

**Plaintiff is also cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case, without prejudice.**

SO ORDERED this 18th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA