IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JERRY WAYNE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-046 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY | ) | |
| MEDICAL STAFF; HEAD DIRECTOR; | ) | |
| YVONNE NEAU, Medical Head Doctor; | ) | |
| HEATHER KERSEY, Warden-Care and | ) | |
| Treatment; AMY WILLIAMS, Medical Staff; | ) | |
| SHAWN GILLIS, Warden Housing; | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| and NURSING STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| JERRY WAYNE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-062 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY | ) | |
| MEDICAL STAFF; HEAD DIRECTOR; | ) | |
| MEDICAL DOCTOR; WARDEN-CARE | ) | |
| AND TREATMENT; WHEELER | ) | |
| CORRECTIONAL FACILITY; and | ) | |
| NURSING STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On June 14, 2024, Defendants removed a case filed by Plaintiff from the Superior Court of Wheeler County to this Court. <u>Spencer v. Wheeler Corr. Facility</u>, CV 324-046 (S.D. Ga.

June 14, 2024) (hereinafter "CV 324-046").  On June 18, 2024, the Court ordered Plaintiff to amend his complaint and Plaintiff timely complied with an amended complaint dated June 26, 2024.  CV 324-046, doc. nos. 7, 8.  Defendants subsequently filed a motion to dismiss, which is not yet ripe for disposition.  See CV 324-046, doc. nos. 11, 16.

On August 21, 2024, the Clerk of Court opened a second case in Plaintiff's name based on the filing of another complaint and a motion to proceed *in forma pauperis* ("IFP"), both of which were dated April 16, 2024.  Spencer v. Wheeler Corr. Facility, CV 324-062, doc. nos. 1, 2 (S.D. Ga. Aug. 21, 2024) (hereinafter "CV 324-062").  The complaint in CV 324-062 is, in all material respects, based upon the same events and alleges the same claims against the same Defendants as the amended complaint in CV 324-046.[1]

Federal Rule of Civil Procedure 42 provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid necessary cost or delay.

Fed. R. Civ. P. 42(a).  Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted).  The decision to consolidate cases is committed to the sound discretion of the trial court.  Id.; see also Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d

---

[1] The Court acknowledges the list of defendants in each case differs slightly because defendants in CV 324-046 include named individuals Yvonne Neau, Heather Kersey, Amy Williams, and Shawn Gillis, while the Defendants in CV 324-062 are named by title only.  Compare CV 324-046, with CV 324-062.  However, the Court finds this is not a material difference between the underlying cases, as the naming of individual defendants was likely a result of the service of summons process completed while the case was pending in the Superior Court of Wheeler County.  See CV 324-046, doc. no. 1, p. 1, n.1; id. at doc. no. 7, pp. 1-2; see also id. at doc. no. 11, p. 3, n.1.

2

1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). Because the above-styled cases involve the same questions of law and facts, they should be consolidated. See Falcetta v. Credit Collection Servs., No. 1:20-CV-1990-AT-JCF, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (consolidating multiple actions, including FCRA action, concerning same events).

Accordingly, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 324-046 and CV 324-062, file the complaint from CV 324-062 as an amended complaint in CV 324-046, and **CLOSE** CV 324-062. However, because Plaintiff's complaint filed initially in CV 324-062 was dated prior to Plaintiff's amended complaint in CV 324-046, it shall not serve as the operative pleading in CV 324-046. The operative pleading shall continue to be Plaintiff's amended complaint dated June 26, 2024, filed as doc. no. 8 in CV 324-046. The motion to proceed IFP in CV 324-062 is **MOOT** because Defendants paid the filing fee upon removal in CV 324-046. CV 324-062, doc. no. 1. Plaintiff's case shall proceed **ONLY** as CV 324-046, and any future filings shall be captioned, filed, and docketed under CV 324-046.

The Court will resolve Defendants Neau, Kersey, Williams, and Gillis's pending motion to dismiss, CV 324-046, doc. no. 11, in due course following submission of Defendants' reply, see CV 324-046, doc. no. 16.

SO ORDERED this 26th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA