IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERRY WAYNE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-046 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY | ) | |
| MEDICAL STAFF; HEAD DIRECTOR; | ) | |
| YVONNE NEAU, Medical Head Doctor; | ) | |
| HEATHER KERSEY, Warden-Care and | ) | |
| Treatment; AMY WILLIAMS, Medical Staff; | ) | |
| SHAWN GILLIS, Warden Housing; | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| and NURSING STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. Before the Court are various motions filed by the parties. As an initial matter, the Court notes discovery is stayed pending resolution of the pending motion to dismiss, (doc. no. 17), which is addressed by simultaneously entered Report and Recommendation.

**I.   MOTION TO APPOINT COUNSEL**

Plaintiff has filed a motion for the appointment of counsel, arguing that because his cancer is progressing and there is no further treatment he can pursue, he lacks the physical and mental strength to continue in this litigation. (Doc. no. 25.) Defendants Neau, Kersey, Williams, and

Gillis responded in opposition to Plaintiff's motion, (doc. no. 29), and Plaintiff filed a reply, (doc. no. 32).

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his demonstrated ability to file complaints, motions, and other filings. (See, e.g., doc. nos. 1-1, 8, 15, 19, 21, 24, 25, 26, 27, 28, 32.) Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 25.)

II.     **PLAINTIFF'S "MOTION OF EVIDENCE/CLAIM(S)"**

On September 3, 2024, Plaintiff filed a "Motion Of Evidence/Claim(s)," in which he provides medical information from the Mayo Clinic concerning esophageal cancer to support his medical deliberate indifference claims raised in his amended complaint. (Doc. no. 21-1.) In his motion, Plaintiff also references claims of fraud and of civil conspiracy, which are not raised in his amended complaint. (See id. at 4-7; doc. no. 8.) Plaintiff's motion is **DENIED** for two reasons. (Doc. no. 21.)

First, to the extent Plaintiff seeks to supplement the allegations in his amended complaint by filing this motion raising new claims and presenting additional information concerning his medical condition, such attempts to amend his complaint again are improper. Plaintiff is no longer entitled to amend as a matter of course, as he has already filed amended complaints as a matter of course and as directed by the Court, and more than twenty-one days have elapsed since a motion to dismiss was served. (See doc. nos. 7, 8, 11, 19); Fed. R. Civ. P. 15(a). Moreover, Plaintiff did not seek leave of Court to amend his complaint, nor does he state he obtained Defendants' consent to amend. (Doc. no. 21); see Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022) ("After the time to file an amendment as a matter of course expires, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint only with the opposing party's consent or leave of Court."). Further, Plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint through the submission of separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, to the extent Plaintiff's motion seeks to supplement his amended complaint, such an attempt is improper.

Second, to the extent Plaintiff seeks to provide information from the Mayo Clinic as discovery materials on the Court's docket, such filing is unnecessary. As the Court noted *supra*, discovery has been stayed, so any filing of discovery materials is unwarranted. Moreover, discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Accordingly, Plaintiff's motion is improper either as an attempt to amend his amended complaint or as an attempt to file discovery materials with the Court and is **DENIED**. (Doc. no. 21.)

III. **PLAINTIFF'S "MOTION TO SHOW WHY SOME OF [PLAINTIFF'S] RESPONSES ARE NOT GETTING TO COURT ON TIME"**

On October 26, Plaintiff filed a "Motion To Show Why Some Of [Plaintiff's] Responses Are Not Getting To Court On Time," explaining that his requests for indigent postage are processed slowly and his mail is often delayed in the prison mailroom. (Doc. no. 27.) Enclosed with his motion was a photocopy of the "Motion Of Evidence/Claim(s)" previously filed by Plaintiff. (See id. at 2; doc. no. 26.) Upon receipt, the Clerk of Court docketed the photocopy of the "Motion Of Evidence/Claim(s)" as a standalone motion. (Doc. no. 26.) The Court notes the photocopy is an exact duplicate of the motion, Mayo Clinic printouts, and certificate of service filed previously by Plaintiff. (Compare doc. no. 21-2, pp. 1-14, 19, with doc. no. 26.) Because the second-filed version of the "Motion Of Evidence/Claim(s)" is an obvious duplicate of portions of the original motion, the Court need not separately address it and it is **DENIED AS MOOT**. (Doc. no. 26.)

Plaintiff's complaints about the slowness of his mail have been previously documented by this Court. (See, e.g., doc. no. 18, p. 2 (noting documents dated April 16, 2021, received by Clerk of Court August 21, 2024)). However, his "Motion To Show Why Some Of [Plaintiff's] Responses Are Not Getting To Court On Time" requests no relief from the Court, and instead apprises the Court of Plaintiff's problems with his mail. Without a proper request for judicial action contained in his motion, the Court is powerless to act, and the Court **DIRECTS** the **CLERK** to **TERMINATE** the motion associated with Plaintiff's filing. (Doc. no. 27); see In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (explaining motions are utilized to seek judicial action and the Court does not have "license to serve as de facto counsel for a party" or to "become an advocate for the *pro se* litigant" in the face of deficient pleadings (citations omitted)). Nonetheless, Plaintiff is advised

4

the Court applies the "prison mailbox rule" to all of Plaintiff's filings and construes them in accordance with the date he signed them, regardless of any delays cause by prison mail processing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.").

IV. **DEFENDANTS NEAU, KERSEY, WILLIAMS, AND GILLIS'S OBJECTION TO AND MOTION TO QUASH SUBPOENAS**

Appended with Plaintiff's "Motion Of Evidence/Claim(s)" were three form subpoenas, completed by Plaintiff, seeking disclosure of various medical and prison records. (Doc. no. 21-1, pp. 16-18.) The subpoenas are directed to Defendant Heather Kersey; Mr. HI Illenbiluan, Moses; and unspecified "Medical Records Personnel." (Id.) Defendants Neau, Kersey, Williams, and Gillis object to and move to quash these subpoenas, noting it does not appear Plaintiff has served these subpoenas on the individuals to whom they are directed and arguing the subpoenas are procedurally improper. (Doc. no. 23.)

The Court agrees with the moving Defendants that Plaintiff's subpoenas are procedurally improper, as a *pro se* litigant is not authorized to sign a subpoena under Federal Rule of Civil Procedure 45(a)(3), discovery is currently stayed and Plaintiff may not circumvent the stay by issuing subpoenas, and Plaintiff's form subpoenas lack the required attachments under Rule 45(a)(1)(A)(iv). Moreover, to the extent Plaintiff attached the subpoenas to his motion in an attempt to have those subpoenas properly issued by the Clerk of Court, such attempt is denied because in this Court, "[s]ubpoenas will not be issued to any party litigant who is incarcerated in a jail or prison." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996).

5

Because of these procedural infirmities, the subpoenas attached to Plaintiff's "Motion Of Evidence/Claim(s)" are improper and are nullities. Because the purported subpoenas are of no legal effect, Defendants Neau, Kersey, Williams, and Gillis's motion is **MOOT**. (Doc. no. 23.)

V.     **PLAINTIFF'S "RESPONSE TO ORDER"**

On October 7, 2024, the Clerk of Court received a filing from Plaintiff dated July 31, 2024, titled "Response to Order." (Doc. no. 28.) In this filing, Plaintiff notes Defendants Neau, Kersey, Williams, and Gillis have moved to stay discovery and moved to dismiss, and provides additional information and attachments concerning the timeline of his cancer diagnosis and treatment, his exhaustion of administrative remedies related to his underlying claims, and service of process as it was effectuated before this case was removed to federal court. (Id.) Plaintiff notes he "will continue to move forward in this suit and request[s] the Honorable Court to extend [Plaintiff's] time so [he] can get affidavits from medical staff." (Id. at 1.) In light of this request, the Clerk of Court docketed Plaintiff's "Response to Order" as a motion for an extension of time to seek affidavits. (See id. & dkt. entry.) Defendants Neau, Kersey, Williams, and Gillis, in response, (doc. no. 31), note Plaintiff's filing is an exact copy of his "Response to Order" docketed August 12, 2024, (doc. no. 15), which was construed as a response to their motion to dismiss, (see doc. no. 11), and to which they already replied, (doc. no. 20).

To the extent Plaintiff's filing is a response to Defendants Neau, Kersey, Williams, and Gillis's motion to dismiss, the motion to dismiss is addressed by simultaneously entered Report and Recommendation. To the extent Plaintiff's filing is intended to request an extension of discovery to obtain affidavits during discovery, such a request is **DENIED** as premature. (Doc. no. 28.) Discovery has not yet commenced, and the Court previously stayed discovery pending

6

resolution of Defendants Neau, Kersey, Williams, and Gillis's motion to dismiss.  (Doc. no. 12.)  Accordingly, there is no discovery period to extend.  Should any portion of this case proceed after resolution of the motion to dismiss at the presiding District Judge's discretion, the Court will lift the discovery stay and Plaintiff may request extensions of the discovery period as necessary.

## VI.     CONCLUSION

In sum, Plaintiff's motion for appointment of counsel, (doc. no. 25), his "Response to Order" docketed as a motion for an extension of time to seek affidavits, (doc. no. 28), and his original "Motion Of Evidence/Claim(s)" (doc. no. 21), are **DENIED**.  Because his second-filed "Motion Of Evidence/Claim(s)" is an obvious duplicate of portions of the original motion, it is **DENIED AS MOOT**.  (Doc. no. 26.)  Plaintiff's "Motion To Show Why Some Of [Plaintiff's] Responses Are Not Getting To Court On Time" is **TERMINATED** because it lacks a proper request for judicial action.  (Doc. no. 27.)  Because Plaintiff's purported subpoenas are nullities, (see doc. no. 21-1, pp. 16-18), Defendants Neau, Kersey, Williams, and Gillis's motion to quash the subpoenas is **MOOT**.  (Doc. no. 23.)

SO ORDERED this 10th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA